CHRISTINE S. HWANG (SBN 184549)
PHIL A THOMAS (SBN 248517)
LEONARD CARDER, LLP
1188 Franklin St Suite 201
San Francisco, CA 94109
Tel: (415) 771-6400/Fax: (415) 771-7010
chwang@leonardcarder.com
pthomas@leonardcarder.com

Attorneys for Plaintiffs

MICHAEL R. SULLIVAN (SBN 148145)
1946 Embarcadero, Suite 100
Tel: (510) 535-2580/Fax: (510) 535-2579
mike@rooflaw.com

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IBEW LOCAL 595 TRUST FUNDS et al<br><br>Plaintiffs,<br>v.<br><br>ROBERT WILSON, et al<br><br>Defendants | CASE NO. 3:10-cv-01467 JL<br><br>**JOINT CASE MANAGEMENT STATEMENT AND REQUEST FOR CONTINUANCE**<br><br>DATE: December 15, 2010<br><br>TIME: 10:30 A.M.<br><br>COURTROOM: F, 15th Floor, San Francisco |

**TO ALL PARTIES, THEIR ATTORNEYS OF RECORD, AND THE COURT:**

Plaintiffs IBEW Local 595 Health & Welfare Trust Fund; IBEW Local 595 Pension Fund, IBEW Local 595 Money Purchase Pension Trust Fund; IBEW Local 595 Vacation Fund; IBEW Local 595 Apprentice & Training Fund; Electrical Contractors Trust; Contractors Administration Fund; Labor Management Cooperation Fund; Electrical Industry Service Corporation; Victor Uno in his capacity as trustee of the IBEW Local 595 Trust Funds and officer of the Electrical Industry Service Corporation; and Don Campbell in his capacity as trustee of the IBEW Local 595 Trust Funds and officer of the Electrical Industry Service Corporation, and Defendant Robert Wilson , individually and

as owner and alter-ego of Wilson Electric Co., through their respective counsel of record, file this Case Management Conference Statement and Request for Continuance.

Plaintiffs are preparing to move for summary judgment. Accordingly, the parties request that the case management conference set for December 15, 2010 be continued until after the January 19, 2011 hearing on Plaintiffs' motion.

### 1. Jurisdiction and Service:

The jurisdiction of this Court is invoked pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132 and 29 U.S.C. §1145. Jurisdiction also exists under 28 U.S.C. §1337 and §2201. Venue is proper in the Northern District of California because Plaintiff Trust Funds are administered in this District, the breaches of Defendant's obligation to make contributions to these funds occurred in this District, and because the Defendant employer operates its business in this District.

### 2. Facts:

Plaintiffs IBEW LOCAL 595 HEALTH & WELFARE TRUST FUND; IBEW LOCAL 595 PENSION FUND, IBEW LOCAL 595 MONEY PURCHASE PENSION TRUST FUND; IBEW LOCAL 595 VACATION FUND; IBEW LOCAL 595 APPRENTICE & TRAINING FUND; ELECTRICAL CONTRACTORS TRUST; CONTRACTORS ADMINISTRATION FUND; and LABOR MANAGEMENT COOPERATION FUND ("TRUST FUNDS") are express trust funds organized and existing under the laws of the United States as employee benefit plans with their principal place of business located in Alameda County in the State of California. Plaintiff TRUST FUNDS were created by written trust agreements pursuant to Section 302 of the Labor-Management Relations Act, 29 U.S.C. §186. Plaintiff TRUST FUNDS are also multi-employer employee benefit plans as defined by ERISA, 29 U.S.C. §1002(3) and 37(a), 29 U.S.C. §1003 and 29 U.S.C. §1132(d)(1). Plaintiff ELECTRICAL INDUSTRY SERVICE CORPORATION ("EISC") is the organization that serves as the custodian of all fringe benefit contributions collected under the Alameda County Inside Construction Agreement between Local Union 595, International Brotherhood of Electrical Workers and Northern California Chapter, National Electrical Contractors Association ("Inside Construction Agreement" or "CBA"). The EISC is the collection agent for the TRUST

FUNDS. Plaintiffs VICTOR UNO and DON CAMPBELL are Trustees of the TRUST FUNDS and Officers of the EISC.

At all times relevant hereto, Defendant WILSON ELECTRIC CO. ("WEC"), a sole proprietorship, has been an employer within the meaning of 29 U.S.C. §1002(5); operated as an electrical contractor, and employed individuals represented by IBEW Local 595 to perform electrical services on jobs in Alameda County, California; and been obligated to make employer contributions to the TRUST FUNDS pursuant to the CBA. WEC's address is 610 16th St. Suite 506, Oakland, CA 94612.

Plaintiffs are informed and believe, and on that basis allege, that Defendant ROBERT WILSON is the sole owner of WEC, and that at all times material hereto, Defendant WEC was and is the alter-ego of Defendant ROBERT WILSON. Plaintiffs are ignorant of the true names or capacities of the Defendants sued herein under the fictitious names of DOES ONE through TEN, inclusive. Plaintiffs will seek to amend this Complaint to allege such names and capacities as soon as they are ascertained.

Pursuant to written trust agreements, Plaintiff TRUST FUNDS were established for the sole and exclusive purpose of providing health and welfare benefits, pension benefits and other benefits to employees covered by the CBA, and to their dependants and beneficiaries. Plaintiff TRUST FUNDS are third party beneficiaries to the CBA. As a signatory to the CBA, Defendant WEC is obligated to participate in the TRUST FUNDS in accordance with the TRUST FUNDS' governing documents, including the trust agreements, which establish the plans and the rules and regulations adopted by the Trustees of the TRUST FUNDS. Under the CBA, Defendant WEC is obligated to make monthly reports to the TRUST FUNDS of the hours worked by employees covered by the CBA, and to make contributions to the TRUST FUNDS based on these hours at rates set forth in the CBA. The reports and contribution payments for any calendar month are due by the 20th day of the following month. Under the trust agreements, an employer that fails to file an accurate and complete report of the hours worked by employees under the CBA is presumed to owe the TRUST FUNDS contributions equal to the greater of the contributions due for the previous month, the average of the contributions due for the previous three (3) months, or the average of the contributions due for the previous twelve (12) months. Pursuant to the terms of the trust agreements, employers such as WEC who fail to make full and timely

contributions to the TRUST FUNDS are obligated to pay liquidated damages of twenty percent (20%) of the unpaid balance, plus interest at the rate set by the Trustees of the TRUST FUNDS (currently 12% simple interest per annum), and costs incurred in collecting delinquent contributions, including attorneys' fees.

Defendant WEC failed and refused to make full and timely contributions to TRUST FUNDS for the period from July to December, 2009. Additionally, Defendant WEC has failed and refused to report the hours worked by employees covered by the CBA since December, 2009, and to make full and timely contributions to the TRUST FUNDS of the amounts owed based on these hours. Under the terms of the trust agreements, and based on Defendants' own benefit contribution reports, Defendants owe TRUST FUNDS the following amounts:

a. $33,237.39 in unpaid contributions, liquidated damages and interest through March 20, 2010.

b. Additional interest on the delinquent amounts at the rate of 12% simple interest per annum from March 21, 2010, until Defendants' obligations are paid in full, according to proof.

c. Additional contributions for all hours worked by employees covered by the CBA but not reported to the TRUST FUNDS from July 1, 2009 to January 1, 2010, plus interest and liquidated damages on all contributions owed but not timely paid, according to proof.

d. Additional contributions for all hours worked by employees covered by the CBA from February 1, 2010 until Defendants' obligations are paid in full, plus interest and liquidated damages on all contributions not timely paid, according to proof;

e. Costs of suit and reasonable attorneys fees, according to proof.

3. **Legal Issues:**

(a) Whether Defendants breached their duty under ERISA and applicable collective bargaining agreements to make full and timely contributions to Plaintiff Trust Funds.

(b) Whether Plaintiffs are entitled to damages, costs, attorneys' fees, declaratory and injunctive relief, or any of the other remedies they seek.

4. **Motions**

No motions have been filed. Plaintiffs anticipate filing a motion for summary judgment no later than December 15, 2010.

5.   **Amendment of Pleadings.**

The parties do not anticipate any need to file amended pleadings.

6.   **Evidence Preservation:**

Both parties' counsel have instructed their clients to collect and retain all written documents, records and other things (including e-mails, voicemails, electronically-recorded material) supporting their claims and damages in this case.

7.   **Disclosures:**

The parties have complied with the initial disclosure requirements of Fed. R. Civ. P. 26, and will continue to produce documents relevant to this case should such be discovered.

8.   **Discovery:**

<u>Plaintiffs' Proposed Discovery Plan</u>: On September 17, 2010, Plaintiffs propounded and served on Defendants a set of requests for admission, which Defendants failed to answer. Plaintiffs do not anticipate a need for further discovery.

9.   **Class Actions:**

This case is not appropriate for class treatment.

10.   **Related Cases:**

The parties are unaware of any related cases at this time.

11.   **Relief:**

Plaintiffs seek monetary damages, as well as declaratory and injunctive relief.

12.   **Settlement and ADR:**

The parties have agreed to engage in mediation through the Court. However, the parties expect to settle this matter without the need for a mediator.

13.   **Consent to Magistrate Judge for All Purposes:**

The parties have consented to the assignment of a Magistrate Judge for all purposes.

14.   **Other References:**

None.

15.   **Narrowing of Issues:**

No further narrowing of Plaintiffs' issues is possible.

16. **Expedited Schedule:**

The parties will agree to a bench trial. However, Plaintiffs will fill a motion for summary judgment no later than December 15, 2010 and do not anticipate a need for trial.

17. **Scheduling:**

The Complaint in this case was filed on April 7, 2010. Defendant filed his answer on May 6, 2010. The parties were unable to reach agreement to settle this case, and Plaintiffs are preparing a motion for summary judgment. Plaintiffs will move for summary judgment by December 15, 2010, with a hearing set for January 19, 2011. The parties request that the case management conference scheduled for December 15, 2010 be continued until after January 19, 2011.

18. **Trial:**

The parties estimate that a bench trial could take from one to four hours, depending on the extent to which the parties can stipulate to factual matters.

19. **Disclosure of Non-party Interested Entities of Persons:**

The parties have filed their Certification of Interested Entities or Persons. At this time, neither party is aware of any non-party persons, firms, partnerships, corporations (including parent corporations) or other entities which have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20. **Request for Continuance of Case Management Conference**

As set forth above, Plaintiffs are preparing to move for summary judgment, and will do so no later than December 15, 2010. Plaintiffs will set the hearing on their motion for summary for January 19, 2011. The parties request that the case management conference set for December 15, 2010 be continued until after the January 19, 2011 hearing on Plaintiffs' motion.

DATED: December 8, 2010         LEONARD CARDER, LLP

                                By: _____
                                Phil A Thomas
                                Attorneys for Plaintiffs IBEW Local 595 Trust Funds et al

DATED: December 8, 2010

By: _____
Michael R. Sullivan
Attorney for Defendant Robert Wilson,
individually and as owner and alter-ego of Wilson
Electric Co.

The Case Management Conference is continued to Wednesday, February 2, 2011 at 10:30 a.m.



IT IS SO ORDERED
Judge James Larson
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA