UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IBEW Local 595 Trust Funds, et al., | No. C 10-1467  JL |
| Plaintiffs, | **NOTICE** |
| v. | |
| Robert Wilson, et al., | |
| Defendants. _____/ | |

TO PLAINTIFF, APPEARING PRO SE:

All parties have consented to this Court's jurisdiction under 28 U.S.C. §636(c). The motion of counsel for Defendant Robert Wilson to withdraw was previously granted, for good cause shown. Counsel filed a Supplemental Declaration advising the Court that he had provided his client with copies of Plaintiffs' pleadings in support of their motion for summary judgment and also  informed his client of his need to respond.

The Court now advises Defendant, appearing without counsel, that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, lead to a judgment against you.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact – this means that, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is

1 entitled to judgment as a matter of law. When a party suing you makes a motion for
2 summary judgment that is properly supported by declarations (or other sworn testimony),
3 you cannot simply rely on what your answer to the complaint says. Instead, you must set
4 out specific facts in declarations, depositions, answers to interrogatories, or authenticated
5 documents, as provided in Rule 56(e), that contradict the facts shown in the Plaintiffs'
6 declarations and documents and show that there is a genuine issue of material fact for trial.
7 If you do not submit your own evidence in opposition, summary judgment, if appropriate,
8 may be entered against you. If summary judgment is granted, judgment will be entered
9 against you, and there will be no trial. *Rand v. Rowland,* 154 F.3d 952, 963-63 (9th Cir.
10 1998) (en banc) (App. A)."

11 Accordingly, you should respond as best you can to Plaintiffs' motion, by filing an
12 opposition brief and supporting declarations, under penalty of perjury, to advise the Court of
13 any material issues of fact which would justify denying the motion.

14 IT IS SO ORDERED.

15 DATED: February 2, 2011

_____
James Larson
United States Magistrate Judge

22 G:\JLALL\CASES\CIVIL\10-1467\Warning.wpd